Ian S. Shelton (SBN 264863)
BAKER & MCKENZIE LLP
ian.shelton@bakermckenzie.com
10250 Constellation Blvd., Suite 1850
Los Angeles, CA 90067
Phone: (310) 201-4728
Fax: (310) 201-4721

*Attorneys for Defendant Nexo Capital Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERRY HANSON, Plaintiff, vs. NEXO CAPITAL INC., Defendant. | CASE NO. 2:24-cv-10466-MAR<br>The Honorable Margo A. Rocconi<br>**DEFENDANT NEXO CAPITAL INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF TERRY HANSON'S FOURTH AMENDED COMPLAINT** |

Defendant Nexo Capital Inc. ("Nexo" or "Defendant") files this Answer and Affirmative Defenses to Plaintiff Terry Hanson's ("Hanson" or "Plaintiff") Fourth Amended Complaint. Defendant denies each and every allegation in the Fourth Amended Complaint except as expressly admitted herein.

## INTRODUCTION[1]

1. Defendant admits that Plaintiff purports to bring this action against Defendant arising from Plaintiff's use of the Nexo platform. Defendant denies Plaintiff's characterizations of Defendant's platform, advertising, conduct, and legal

[1] The headings in this Answer are reproduced from the Fourth Amended Complaint for convenience only. To the extent any heading constitutes an allegation of fact to which a response is required, Defendant denies the allegations contained in that heading.

obligations. Defendant further denies that it engaged in deceptive or unlawful business practices, breached any duty owed to Plaintiff, or caused Plaintiff any legally compensable harm. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 1.

## JURISDICTION AND VENUE

2. Paragraph 2 states legal conclusions to which no response is required. To the extent a response is required, Defendant admits that this Court has diversity jurisdiction over this action. At the time the Complaint was filed, Defendant admits that Plaintiff was a California citizen. At the time the Complaint was filed, Defendant admits that Nexo Capital Inc. was a Cayman Islands corporation with its principal place of business in the Cayman Islands. Nexo Capital Inc. denies that its principal place of business was London, England. Defendant denies that Plaintiff has any valid claim for declaratory or other relief. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 2.

3. Defendant admits that the Court has specific personal jurisdiction over Nexo Capital Inc. for the limited purpose of this action only. Defendant admits that venue is proper in this District. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 3.

## PARTIES

4. Defendant admits that Hanson was a customer of Defendant. Defendant is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's residency, and therefore denies the remaining allegations in Paragraph 4.

5. At the time the Complaint was filed, Defendant admits that Nexo Capital Inc. ("Nexo Capital") was a Cayman Islands corporation with its principal place of business in the Cayman Islands. Defendant denies that its principal place of business and headquarters was London, England. Defendant admits that Nexo Capital Inc. was the Nexo entity that issued a collateralized credit line to Plaintiff. Defendant further admits that Nexo Capital Inc. operated Nexo's website. Except as expressly admitted,

Defendant denies the remaining allegations in Paragraph 5.

## FACTUAL ALLEGATIONS

6. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6, and therefore denies those allegations.

7. Defendant admits that Plaintiff transferred XRP to his Nexo account and used digital assets as collateral for a credit line, subject to the applicable terms and conditions. Defendant is without sufficient knowledge or information to form a belief as to Plaintiff's expectations and therefore denies those allegations. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 7.

8. Defendant admits that the U.S. Securities and Exchange Commission announced an action against Ripple Labs Inc. on or about December 22, 2020. Defendant is without sufficient knowledge or information to admit or deny the crypto price movement alleged and therefore denies that allegation. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 8.

9. Defendant admits that it suspended XRP as a repayment option pursuant to the applicable terms and conditions. Defendant denies that the suspension was wrongful, in bad faith, or prevented Plaintiff from taking other available steps to maintain the required loan-to-value ratio, including depositing additional collateral or repaying his outstanding balance with other supported assets. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 9.

10. Defendant admits that the applicable terms and conditions included provisions concerning notice and liquidation. Defendant denies Plaintiff's characterization of those provisions. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 10.

11. Defendant admits that Plaintiff received multiple text and email notifications before the liquidations at issue, including notifications over a period of days before the December 29, 2020 liquidation. Defendant denies that its notification

system malfunctioned, that referenced emails were not delivered as alleged, that it failed to provide meaningful notice, or that Plaintiff was deprived of an opportunity to protect his collateral. Defendant is without sufficient knowledge or information to form a belief as to Plaintiff's travel, devices, or receipt and review of particular communications and therefore denies those allegations. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 11.

12. Defendant is without sufficient knowledge or information to form a belief as to what Plaintiff reviewed, understood, or relied upon in deciding to deposit or maintain assets on the Nexo platform and therefore denies those allegations. Defendant denies that any of its statements were false or misleading. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 12.

13. Defendant admits that collateral in Plaintiff's Nexo account was liquidated after Plaintiff's loan-to-value ratio exceeded the applicable threshold. Defendant denies that any misleading practice or system failure caused the liquidation, that the amount characterized as a "liquidation fee" was an undisclosed fee, or that Plaintiff lacked a meaningful opportunity to protect his collateral. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 13.

14. Defendant admits that certain digital assets in Plaintiff's account were liquidated pursuant to the applicable terms and conditions. Defendant denies Plaintiff's characterization of the assets and amounts as losses caused by Defendant and denies that Plaintiff is entitled to any recovery. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant is without sufficient knowledge or information to form a belief as to what Plaintiff reviewed, when he reviewed it, or what he relied upon, and therefore denies those allegations. Defendant denies that any representation was false or that Plaintiff reasonably relied on any alleged representation concerning liquidation

fees, collateral ownership, or notification procedures. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

**FIRST CAUSE OF ACTION**

**Declaratory Relief under 28 U.S.C. § 2201**

19. Answering Paragraph 19, Defendant incorporates each of its responses to the preceding paragraphs as if fully set forth herein.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant denies that Plaintiff is entitled to declaratory relief or that any declaration is necessary or appropriate.

**SECOND CAUSE OF ACTION**

**Breach of Implied Covenant of Good Faith and Fair Dealing**

23. Answering Paragraph 23, Defendant incorporates each of its responses to the preceding paragraphs as if fully set forth herein.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

**THIRD CAUSE OF ACTION**

**Violation of California Unfair Competition Law—Unlawful Prong**

28. Answering Paragraph 28, Defendant incorporates each of its responses to the preceding paragraphs as if fully set forth herein.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant is without sufficient knowledge or information to form a belief as to Plaintiff's reliance or state of mind, and therefore denies those allegations. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Paragraph 32 contains legal conclusions and a request for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief described in Paragraph 32.

**FOURTH CAUSE OF ACTION**

**Violation of California Unfair Competition Law—Unfair Prong**

33. Answering Paragraph 33, Defendant incorporates each of its responses to the preceding paragraphs as if fully set forth herein.

33.1. Defendant admits that the California Department of Financial Protection and Innovation entered a Consent Order concerning Nexo Capital Inc. dated January 14, 2026. The Consent Order speaks for itself. Defendant denies Plaintiff's characterization of the Consent Order in Paragraph 33.1.

33.2. Defendant admits that the California Department of Financial Protection and Innovation entered a Consent Order concerning Nexo Capital Inc. dated January 14, 2026. The Consent Order speaks for itself. Defendant denies Plaintiff's characterization of the Consent Order in Paragraph 33.2.

33.3. Defendant admits that the California Department of Financial Protection and Innovation entered a Consent Order concerning Nexo Capital Inc. dated January 14, 2026. The Consent Order speaks for itself. Defendant denies Plaintiff's characterization of the Consent Order in Paragraph 33.3.

33.4. Defendant admits that the California Department of Financial Protection and Innovation entered a Consent Order concerning Nexo Capital Inc. dated January 14, 2026. The Consent Order speaks for itself. Defendant denies Plaintiff's characterization of the Consent Order in Paragraph 33.4.

33.5. Defendant admits that the California Department of Financial Protection and Innovation entered a Consent Order concerning Nexo Capital Inc. dated January 14, 2026. The Consent Order speaks for itself. Defendant denies Plaintiff's characterization of the Consent Order in Paragraph 33.5.

34. Defendant denies the allegations in Paragraph 34.

35. Paragraph 35 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 35.

35.1. Paragraph 35.1 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 35.1.

36. Defendant denies the allegations in Paragraph 36.

36.1. Defendant denies the allegations in Paragraph 36.1.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

38.1. Defendant is without sufficient knowledge or information to form a belief as to Plaintiff's state of mind or intent. Defendant denies the remaining allegations in Paragraph 38.1.

38.2. Defendant admits that the California Department of Financial Protection and Innovation entered a Consent Order concerning Nexo Capital Inc. dated January 14, 2026. The Consent Order speaks for itself. Defendant denies Plaintiff's characterization of the Consent Order in Paragraph 38.2.

38.3. Paragraph 38.3 contains legal conclusions and requests for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff has standing to seek, or is entitled to, injunctive relief, restitution, or any other equitable remedy, and denies that legal remedies are inadequate.

## FIFTH CAUSE OF ACTION

### Violation of California Unfair Competition Law—Fraudulent Prong / False Advertising

39. Answering Paragraph 39, Defendant incorporates each of its responses to the referenced paragraphs as if fully set forth herein.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant is without sufficient knowledge or information to form a belief as to what Plaintiff reviewed, when he reviewed it, or what he relied upon, and therefore denies those allegations. Defendant denies that any alleged reliance was reasonable or caused Plaintiff's alleged losses. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

44. Paragraph 44 contains legal conclusions and requests for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff has standing to seek, or is entitled to, injunctive relief, restitution, or any other relief.

## PRAYER FOR RELIEF

Plaintiff's prayer for relief is not an allegation and does not require a response. To the extent any portion of the prayer constitutes an allegation, Defendant denies each and every such allegation. Defendant specifically denies that Plaintiff is entitled to declaratory relief, damages, restitution, injunctive relief, interest, costs, or any other relief.

## JURY DEMAND

Plaintiff's jury demand is not an allegation and does not require a response. To the extent a response is required, Defendant denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

Without assuming any burden that properly rests with Plaintiff, and reserving the right to amend as discovery and investigation proceed, Defendant pleads the following separate and additional defenses:

## FIRST DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

**SECOND DEFENSE**

Plaintiff lacks Article III standing, UCL standing, and statutory standing to seek prospective declaratory or injunctive relief because he does not plausibly allege a concrete, imminent, and redressable threat of future injury, and because his claim is based on one or more alleged regulatory infractions that he has no standing to enforce and that caused him no harm.

**THIRD DEFENSE**

Plaintiff's equitable claims are barred, in whole or in part, because Plaintiff has an adequate remedy at law.

**FOURTH DEFENSE**

Plaintiff's false-advertising and fraud-based UCL claims are barred, in whole or in part, because the Fourth Amended Complaint fails to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b).

**FIFTH DEFENSE**

The alleged statements were not false, misleading, or material when read in context and together with the total mix of information available to Plaintiff, including the applicable terms and conditions and platform disclosures.

**SIXTH DEFENSE**

Plaintiff cannot establish actual, reasonable, or justifiable reliance on any alleged representation or omission.

**SEVENTH DEFENSE**

Defendant had no duty to disclose the information allegedly omitted, no duty to update information that was accurate when made, and no duty to correct information it reasonably believed to be accurate.

**EIGHTH DEFENSE**

The alleged representations or omissions were not the actual or proximate cause of Plaintiff's alleged injury.

**NINTH DEFENSE**

Plaintiff's alleged losses were caused, in whole or in part, by intervening causes, including market conditions, actions of third parties, Plaintiff's failure to maintain the required loan-to-value ratio, and/or Plaintiff's own acts or omissions.

**TENTH DEFENSE**

Plaintiff's claims are barred or reduced by the terms and conditions governing his Nexo account and collateralized credit line, including without limitation the provisions in the Nexo Crypto Credit General Terms and Conditions concerning collateral, loan-to-value requirements, notice, liquidation, supported repayment methods, modification or suspension of services, limitation of liability, and assumption of risk.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by contractual integration, non-reliance, disclaimer, and limitation-of-liability provisions.

**TWELFTH DEFENSE**

Plaintiff assumed the risks associated with digital assets, market volatility, loan-to-value fluctuations, and liquidation, as disclosed in the applicable terms and conditions.

**THIRTEENTH DEFENSE**

Defendant acted pursuant to express contractual rights, including rights concerning supported assets, collateral, loan-to-value thresholds, notice, and liquidation.

**FOURTEENTH DEFENSE**

The implied-covenant claim is barred to the extent it contradicts express contractual terms, seeks to prohibit conduct expressly permitted by the agreement, or duplicates a dismissed or otherwise unavailable breach-of-contract theory.

**FIFTEENTH DEFENSE**

The UCL claims are barred to the extent they seek to use the UCL to rewrite the parties' contract or impose duties inconsistent with the applicable terms and conditions.

**SIXTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the challenged conduct was fair, reasonable, undertaken in good faith, and based on the facts, market conditions, and information known at the time of the challenged conduct.

**SEVENTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the statute of limitations, laches, waiver, estoppel, acquiescence, consent, and ratification.

**EIGHTEENTH DEFENSE**

Plaintiff failed to mitigate or avoid the damages alleged in the Fourth Amended Complaint.

**NINETEENTH DEFENSE**

Plaintiff's claims are barred or any recovery must be reduced by offset, set-off, recoupment, and the outstanding balance and obligations associated with Plaintiff's credit line.

**TWENTIETH DEFENSE**

Plaintiff did not suffer any ascertainable loss, restitutionary interest, or legally cognizable damages caused by Defendant.

**TWENTY-FIRST DEFENSE**

Plaintiff is not entitled to restitution because Defendant did not obtain money or property in which Plaintiff retained a vested ownership interest through any unlawful or unfair practice.

**TWENTY-SECOND DEFENSE**

Plaintiff is not entitled to declaratory relief because the requested declaration would not resolve a live and concrete controversy and would constitute an improper advisory opinion.

**TWENTY-THIRD DEFENSE**

Plaintiff is not entitled to injunctive relief because he cannot establish irreparable harm, inadequacy of legal remedies, likelihood of future injury, or that the balance of equities and public interest favor an injunction.

**TWENTY-FOURTH DEFENSE**

To the extent Plaintiff relies on regulatory orders or findings, those materials do not establish civil liability, causation, reliance, restitution, damages, or entitlement to private relief in this action, and Defendant did not admit the findings on which Plaintiff relies.

**TWENTY-FIFTH DEFENSE**

Plaintiff's claims are barred to the extent they seek retroactive application of statutes, regulations, regulatory interpretations, orders, or requirements that did not govern the challenged conduct at the relevant time.

**TWENTY-SIXTH DEFENSE**

Plaintiff's claims are barred by estoppel to the extent they are contradicted by Plaintiff's prior pleadings, prior admissions, prior exhibits, or prior factual allegations in this action, including allegations concerning notifications, communications, contractual rights, and Defendant's performance.

**TWENTY-SEVENTH DEFENSE**

Plaintiff's claims are barred because Plaintiff does not have a private right of action under the CFL or federal or state cease-and-desist or consent orders.

**TWENTY-EIGHTH DEFENSE**

Plaintiff's claims are barred because the CFL did not apply, at the time of the relevant events, to cryptocurrency credit lines secured by cryptocurrency collateral.

**TWENTY-NINTH DEFENSE**

Plaintiff's claims are barred because Plaintiff's claims would result in unjust enrichment, including "restitution" of assets that Plaintiff purchased with Defendant's credit lines.

**RESERVATION OF RIGHTS**

Defendant expressly reserves the right to assert additional defenses and to amend or supplement these defenses as may be warranted by facts obtained through investigation, discovery, further proceedings, or rulings in this action.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully requests that the Court:

(a) That judgment on the Fourth Amended Complaint, and on each cause of action alleged therein, be entered in favor of Defendant;

(b) That the Plaintiff takes nothing by his Fourth Amended Complaint;

(c) That Defendant be awarded its costs and reasonable attorneys' fees; and

(d) For such other and/or further relief as this Court may deem just and proper.

DATED: August 24, 2026

BAKER & MCKENZIE LLP

By */s/ Ian S. Shelton*
Ian S. Shelton

*Attorneys for Defendant Nexo Capital Inc.*

**CERTIFICATE OF SERVICE**

The undersigned, counsel of record for Defendant, certifies that he served the foregoing document on Plaintiff via electronic mail on August 24, 2026. Plaintiff is proceeding *pro se*. The parties have consented to service of pleadings in this action via electronic mail.

DATED: August 24, 2026 *<u>/s/ Ian S. Shelton</u>*